UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| In re | ) |
|  | ) Chapter 11 |
| JOHN E. ALLEN and | ) Case No. 11-31287-HJB |
| BARBARA M. CORDI-ALLEN | ) |
| Debtors | ) |

# FIRST AMENDED PLAN OF REORGANIZATION

Gary M. Weiner, the Chapter 11 Trustee ("Trustee") for John E. Allen and Barbara M. Cordi-Allen ("Debtors") in the above captioned bankruptcy proceeding by and through his counsel, Weiner Law Firm, P.C., hereby proposes the following First Amended Plan of Reorganization ("Plan") under 11 U.S.C. §1121 (c) of the Bankruptcy Code.

## ARTICLE I

## DEFINITIONS AND CONSTRUCTION OF TERMS

For purposes of the Plan, the following terms shall have the meanings specified in this Article I. A capitalized term used but not defined in the Plan that is also used in the Bankruptcy Code shall have the meaning ascribed to that term in the Bankruptcy Code. Wherever from the context it appears appropriate, each term stated shall include both the singular and the plural, and pronouns shall include the masculine, feminine and neuter, regardless of how stated. The words "in the Plan," "the Plan," "hereto," "herein," "hereunder" and other words of similar import refer to the Plan as a whole and not to any particular Section, sub-Section or clause contained in the Plan. The rules of construction contained in 11 U.S.C. § 102 of the Bankruptcy Code shall apply to the terms of the Plan. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions the Plan.

**1.1** "Administrative Expense Claim" shall mean a Claim that is Allowed under Section 503(b) of the Bankruptcy Code and that is entitled to priority under 11 U.S.C. § 507(a)(2) of the Bankruptcy Code, including Professional Fee Claims.

**1.2** "Affiliate" shall mean any Person that is an affiliate of the Debtors or the Reorganized Debtors under the Bankruptcy Code.

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 2

  **1.3** "<u>Allowed</u>" shall mean, with reference to any Claim or Equity Interest:

   (a) a Claim or Equity Interest that has been listed by the Debtors in their Schedules and (i) is not listed as disputed, contingent or unliquidated, and (ii) is not a Claim or Equity Interest as to which a proof of claim or interest has been filed;

   (b) a Claim or Equity Interest as to which a timely proof of claim or interest has been filed by the Bar Date and either (i) no objection thereto, or application to estimate, equitably subordinate or otherwise limit recovery, has been made on or before any applicable deadline, or (ii) if an objection thereto, or application to estimate, equitably subordinate or otherwise limit recovery has been interposed, the extent to which such Claim has been allowed (whether in whole or in part) by a Non-Appealable Order;

   (c) a Claim arising from the recovery of property under 11 U.S.C. §§ 550 or 553 of the Bankruptcy Code and allowed in accordance with § 502(h) of the Bankruptcy Code; or

   (d) any Claim or Equity Interest expressly allowed under the Plan or pursuant to the Confirmation Order.

  **1.4** "<u>Assets</u>" shall mean all of the Estate's right, title, and interest in and to property of whatever type or nature contemplated under § 541 of the Bankruptcy Code (each such item of or interest in property being sometimes referred to herein as an Asset), including, without limitation, any Causes of Action.

  **1.5** "<u>Avoidance Actions</u>" shall mean Causes of Action arising or held by the Trustee under Sections 502, 510, 541, 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under related state or federal statues and common law, including fraudulent transfer laws.

  **1.6** "<u>Bankruptcy Case</u>" shall mean the Debtors' bankruptcy case pending in the Bankruptcy Court.

  **1.7** "<u>Bankruptcy Code</u>" shall mean Title 11 of the United States Code, as amended from time to time.

  **1.8** "<u>Bankruptcy Court</u>" shall mean the United States Bankruptcy Court for the District of Massachusetts in which the Bankruptcy case is pending and, to the extent of any reference under 28 U.S.C. § 157, the unit of such District Court specified pursuant to 28 U.S.C. § 151.

  **1.9** "<u>Bankruptcy Rules</u>" shall mean the Federal Rules of Bankruptcy Procedure as promulgated under 28 U.S.C. § 2075, and any local rules of the Bankruptcy Court.

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 3 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 3

**1.10** "Bar Date" shall mean March 8, 2013, (Docket No. 149) the date fixed by an Order of the Bankruptcy Court that fixes the last date by which Persons asserting certain Claims or Equity Interests against the Debtors must file a proof of claim or interest or be forever barred from asserting a Claim or Equity Interest against the Debtors or their Assets, from voting on the Plan and/or sharing in distributions under the Plan.

**1.11** "Business Day" shall mean any day other than a Saturday, Sunday or legal holiday recognized in the Commonwealth of Massachusetts.

**1.12** "Cash" shall mean lawful currency of the United States of America (including wire transfers, cashier's checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks and money orders).

**1.13** "Causes of Action" shall mean, without limitation, any and all actions, causes of action, defenses, liabilities, obligations, rights, suits, debts, sums of money, damages, judgments, Claims or proceedings to recover money or property and demands of any nature whatsoever, whether known or unknown, in law, equity or otherwise.

**1.14** "Claim" shall mean a claim against a Person or its property as defined in § 101(5) of the Bankruptcy Code, including, without limitation, (a) any right to payment, whether or not such right is reduced to judgment, and whether or not such right is liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance, if such breach gives arise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, or is fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**1.15** "Class" shall mean those classes designated in Article III of the Plan.

**1.16** "Collateral" shall mean any property or interest in property of the Estates subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable law.

**1.17** "Confirmation Date" shall mean the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket in this Bankruptcy Case.

**1.18** "Confirmation Hearing" shall mean the hearing before the Bankruptcy court on confirmation of the Plan.

**1.19** "Confirmation Order" shall mean the order of the Bankruptcy Court confirming the Plan pursuant to the provisions of the Bankruptcy Code, and any supplementary orders of the Bankruptcy Court issued in furtherance of the Plan.

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 4 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 4

**1.20** "Contingent or Unliquidated Claim" shall mean any Claim for which a proof of claim has been filed with the Bankruptcy Court but which was not filed in a sum certain, or for which the event that would give rise to such a liability or debt has not occurred and is dependent upon a future event that has not occurred or may never occur and which as not been Allowed.

**1.21** "Debtors" shall mean John E. Allen and Barbara M. Cordi-Allen.

**1.22** "Deficiency Claim" shall mean the amount by which the total Allowed Claim exceeds the Allowed Secured Claim of such creditor.

**1.23** "Disclosure Statement" shall mean the disclosure statement relating to the Plan, including, without limitation, all exhibits and schedules thereto, in the form approved by the Bankruptcy Court pursuant to § 1125 of the Bankruptcy Code.

**1.24** "Disposable Income" shall mean the Debtors' gross yearly income less their yearly living expenses, including (a) the types of expenses listed on Schedule I of the official form bankruptcy schedules established pursuant to the Bankruptcy Rules, (b) extra-ordinary professional expenses, (c) the costs of operating the Investment Properties (including payments of the holders of Allowed Secured Claims), and (d) any other payments required to be made by the Reorganized Debtors under the Plan to the Holders of Allowed Administrative Claims and Allowed Priority Tax Claims.

**1.25** "Disputed Claim" shall mean:

(a) if no proof of claim relating to a Claim has been filed, a claim that is listed in the Schedules as unliquidated, disputed or contingent; or

(b) if a proof of claim relating to a Claim has been filed, a Claim as to which a timely objection or request for estimation, or requested to equitably subordinate or otherwise limit recovery in accordance with the Bankruptcy Code and the Bankruptcy Rules, has been made, or which is otherwise disputed by the Debtors in accordance with the applicable law, which objection, request for estimation, action to limit recovery or dispute has not been withdrawn or determined by Non-Appealable Order; or

(c) a Claim that is a Contingent or Unliquidated Claim.

**1.26** "Disputed Claim Amount" shall mean the amount set forth in the proof of claim relating to a Disputed Claim or an amount estimated pursuant to an order of the Bankruptcy Court in respect of a Disputed Claim in accordance with § 502(c) of the Bankruptcy Code.

**1.27** "Distribution Record Date" or Effective Date shall mean fifteen (15) days after an order approving the Disclosure Statement.

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 5 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 5

**1.28**   "Effective Date" shall mean the first Business Day after the Confirmation Date when all conditions precedent to the occurrence of the Effective Date set forth in Section 10.2 of the Plan have been satisfied or waived pursuant to Section 10.2 of the Plan.

**1.29**   "Equity Interest" shall mean the ownership interest of the Debtors in any Assets, as such interests exist immediately prior to the Effective Date.

**1.30**   "Equity Value" shall mean the amount by which the value, as of the Petition Date, of a parcel of Real Property owned by the Debtors exceeds the aggregate amount of the Allowed Claims secured by Liens on such Real Property as of the Petition Date, if any.

**1.31**   "Estate" shall mean the estate created in the Debtors' Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

**1.32**   "General Unsecured Claim" shall mean a Claim that is: (a) not a Secured Claim, (b) not entitled to priority of payment under § 507 of the Bankruptcy Code, and (c) not a Claim for an Equity Interest.

**1.33**   "Internal Revenue Code" shall mean Title 26 of the Unites States Code, as amended from time to time.

**1.34**   "Insider" shall have the meaning set forth in § 101(31) of the Bankruptcy Code.

**1.35**   "Investment Properties" shall collectively mean all of the Debtors' Real Property other than the Debtors' primary residence.

**1.36**   "Lien" shall have the meaning set forth in § 101(37) of the Bankruptcy Code; except that (a) a lien that has been avoided in accordance with §§ 544, 545, 546, 547, 548, 549 or 553 of the Bankruptcy Code shall not constitute a Lien, and (b) no lien shall be valid unless approved by a Non-Appealable order of the Bankruptcy Court or by agreement of the Trustee and the Creditor who asserts the lien.

**1.37**   "Net Cash Flow" shall mean, with respect to an Allowed Claim secured by a Lien on Real Property, the monthly Cash generated by the operation of a parcel of the Debtors' Real Property after the payment of: (a) the monthly costs of such operation, including without limitation, real estate taxes, water and sewer charges, other municipal charges, professional fees and expenses, costs of insurance and the usual and ordinary costs of maintaining and preserving the value of the real property, and (b) the monthly payment due under the Plan to the holder of any Allowed Claim secured by a Lien on such Real Property.

**1.38**   "Net Proceeds" shall mean the proceeds of any sale, transfer or other liquidation of an Asset, including the prosecution of Causes of Action, less the costs and expenses of selling, transferring, prosecuting and/or liquidating such Asset, including, without limitation, attorneys'

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 6 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 6

fees and expenses, broker's commissions, taxes (including capital gains taxes) and real estate closing costs.

**1.39** "Non-Appealable Order" shall mean an order or judgment which has not been reversed, stayed, modified or amended and, as to which (a) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending, or (b) if appeal, review, re-argument or certiorari of the order has been sought, the order has been affirmed or the request for review, re-argument or certiorari has been denied and the time to seek a further appeal, review, re-argument or certiorari has expired, and as a result of which such order has become final and non-appealable in accordance with applicable law; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Non-Appealable Order.

**1.40** "Person" shall mean any individual, corporation, partnership, joint venture, association, joint-stock company, trust, unincorporated association or organization, governmental agency or political subdivision.

**1.41** "Personal property" shall mean, collectively, any and all personal property owned by the Debtors.

**1.42** "Petition Date" shall mean July 9, 2011, the date upon which the Debtors filed a voluntary Chapter 11 petition with the Bankruptcy Court.

**1.43** "Plan" shall mean the *Plan of Reorganization*, including, without limitation, the Plan Documents, all exhibits, supplements, appendices and schedules to the Plan, either in their present form or as the same may be altered, amended or modified from time to time.

**1.44** "Plan Contribution" shall mean (a) the Debtor John Allen's contributions from his TD Ameritrade account which contains a Rollover IRA and Roth IRA that was identified in his schedules as a "TSD IRA", (b) the Debtors' agreement to contribute post-Effective Date Disposable Income to the Plan Fund for a period of four (4) years after the Effective Date.

**1.45** "Plan Documents" shall mean and include such agreements, instruments and documents as may be required to effectuate the terms of the Plan.

**1.46** "Plan Fund" shall mean: (a) the Debtor's agreement to contribute their post-Effective Date Disposable Income to the Plan Fund for a period of four (4) years after the Effective Date, and (b) the Net Proceeds of the sale, if any, of the Debtors' Real Property after the payment of Allowed Secured Claims with respect to such Real Property.

**1.47** "Priority Claims" shall mean any and all Claims, if any, entitled to priority under § 507(a) of the Bankruptcy Code other than Priority Tax Claims and Administrative Expense Claims.

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 7

       **1.48**    "*Priority Tax Claims*" shall mean any Claim of a governmental unit entitled to priority under § 507(a) (8) of the Bankruptcy Code.

       **1.49**    "*Professionals*" shall mean those Persons (a) employed pursuant to an order of the Bankruptcy Court in accordance with §§ 327 or 1103 of the Bankruptcy Code and to be compensated for services rendered pursuant to §§ 327, 328, 330 and 331 of the Bankruptcy Code, or (b) for which compensation and reimbursement is allowed by the Bankruptcy Court pursuant to § 502(b) (4) of the Bankruptcy Code.

       **1.50**    "*Professional Fee Claims*" shall mean the fees and expenses of Professionals under §§ 330, 331, or 503 of the Bankruptcy Code approved by an Order of the Bankruptcy Court.

       **1.51**    "*Pro Rata*" shall mean, (a) when used with reference to a distribution of property under the Plan, proportionately so that with respect to a particular Allowed Claim, the ratio of (i)(1) the amount of property distributed on account of such Claim to (2) the amount of such Claim, is the same as the ratio of (ii)(1) the amount of property distributed on account of all Allowed Claims of the Class in which such Claim is included to (2) the amount of all Allowed Claims in that Class; and (b) when used with reference to a contribution of property to the Debtors proportionately so that with respect to a particular Allowed Equity Interest to (2) the amount of such Allowed Equity Interest, is the same as the ratio of (ii)(1) the amount of property contributed by all holders of Allowed Equity interests of the Class in which such Equity Interest is included to (2) the amount of all Allowed Equity Interests in that Class.

       **1.52**    "*Real Property*" shall mean collectively and with reference to a particular parcel, the real property owned by the Debtors, including all Rights, improvements and fixtures attached to, located in or on, or used in connection with, the ownership or operation of the real property.

       **1.53**    "*Reorganized Debtors*" shall mean the Debtors, from and after the Effective Date, as reorganized pursuant to the Plan and any associated documents.

       **1.54**    "*Rights*" shall mean, collectively, (i) all easements or rights of way now or hereafter affecting or appurtenant to the real property owned by a debtor and all rights to use the same, (ii) all casualty insurance proceeds, condemnation proceeds and all other proceeds from the Real Property, and (iii) all of the Debtors' rights, title and interest in any other rights affecting or related to the Real Property.

       **1.55**    "*Schedules*" shall mean the schedules of assets and liabilities, the list of holders of interests and the statements of financial affairs filed by the Debtors and or Trustee under § 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules, lists and statements have been or may be supplemented or amended from time to time.

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 8 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 8

**1.56** "<u>Secured Claim</u>" shall mean any Claim that is secured by a Lien on Collateral to the extent of the value of such Collateral, as determined in accordance with § 506(a) of the Bankruptcy Code, or, in the event that such Claim is a claim of setoff under § 553 of the Bankruptcy Code, to the extent of such setoff.

**1.57** "<u>Secured Mortgage Claim</u>" shall mean any Claim that is secured by a mortgage on real property, to the extent of the value of such real property, as determined in accordance with § 506(a) of the Bankruptcy Code.

**1.58** "<u>Senior Claim</u>" shall mean, with respect to an Allowed Claim, any other Allowed Claim that is entitled to a priority of distribution under the Bankruptcy Code.

**1.59** "<u>Retirement Plan</u>" shall mean the Debtor John Allen's retirement accounts.

**1.60** "<u>Trustee</u>" shall mean the court appointed Chapter 11 Trustee, Gary M. Weiner.

## ARTICLE II

## TREATMENT OF ALLOWED ADMINISTRATIVE EXPESE

**2.1** **Non-Classification.**

As provided in § 1123(a) (1) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims against each Debtor are not classified for the purposes of voting on, or receiving distributions under, the Plan. All such Claims are instead treated separately in accordance with the terms set forth in this Article II.

**2.2** **Administrative Expense Claims.**

(a) All claims for administrative expenses, as that term is defined in §§ 503 (b) and 507 (a) of the bankruptcy code (2), which are approved by the Trustee or allowed by the Court, including such applications for fees as may be allowed by the Court, shall be paid in full in cash on the Effective Date or such time as may be agreed upon by the Trustee, the Debtors and the individual administrative claimant. The administrative expenses to be paid will be fees and expenses awarded to Counsel to the Trustee, Accountant to the Trustee, commissions earned by the Trustee and Counsel to the Debtors. Any unpaid post petition taxes will be paid upon the Effective date unless the taxing authority has agreed to a payment plan which provides for payment over time.

(b) <u>U.S. Trustee's Fees</u>. The outstanding fees due to the United States Trustee pursuant to 11 U.S.C. § 1930 shall be paid in full on or before the Effective Date. The Debtors shall also have a continuing obligation to pay post confirmation quarterly fees to the United States Trustee.

Case 11-31287   Doc 222   Filed 03/16/16   Entered 03/16/16 17:55:02   Desc Main
Document   Page 9 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 9

   (c) <u>Professional Compensation and Expense Reimbursement Claims</u>.

    (i) Within thirty (30) days after the Effective Date, each Professional shall file a final application for the allowance of compensation for services rendered and reimbursement of expenses incurred through and including the Effective Date. Any such application granted by the Bankruptcy Court shall be paid: (1) within ten days of the entry of the order of the Bankruptcy Court approving such application, unless a stay of the order approving the application is obtained; or (2) upon such other terms as may be mutually agreed upon between the Professional and the Debtors.

 **2.3** **Priority Tax Claims.**

 At the sole election of the Debtors, each holder of an Allowed Priority Tax Claim against the Debtors, if any, shall be paid either: (i) upon such terms as may be agreed to between the Debtors and the holder of an Allowed Priority Tax Claim; (ii) in full in Cash on the later of the Effective Date or the date that such Allowed Priority Tax Claim would have been due if the Bankruptcy Cases had not been commenced; or (iii) in deferred Cash payments, with interest as provided in Internal Revenue Code § 6621, commencing on the Effective Date and continuing over a period not to exceed five (5) years from the filing of the Debtors' voluntary petition, equal to the amount of such Allowed Priority Tax Claim. Upon information and belief there were no prepetition tax obligations which constitute a priority tax claim nor has any taxing authority filed such a claim during the pendency of the bankruptcy case.

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

 Class 1 – Secured Mortgage Claims. Class 1 shall consist of Secured Claims against the Debtors' residence located at 143 Ardsley Road, Longmeadow, Massachusetts. Those secured lenders are identified as follows:

   - First mortgage held by CitiMortgage;
   - Second mortgage held by Bank of America ;
   - Third mortgage held by Bank of America.

 Class 2 – Secured Mortgage Claims investment properties. Class 2 shall consist of claims secured by mortgages on investment real property, as sub-classified pursuant to Section 4.1(d) of the Plan. This class of secured claims will be modified based on the fair market value of the real property or a modification of the terms of the existing loan obligation. As of the filing

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 10 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 10

of the Plan, the sub-classes of Secured Claims and the property address which their claims are associated with are as follows:

    a. PHH Mortgage Corporation – 21 Island Way, Southwick, MA
    b. Ocwen Loan Serving, LLC formerly held by IndyMac Mortgage Services, a division of One West Bank, FSB – 5 Yacht Club , Truro , MA
    c. Ditech Financial, LLC – 146 Pleasantview Avenue, Longmeadow, MA.
    d. Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT1, Asset-Backed Certificates, Series, 2005-OPT1 c/o(Ocwen Loan Servicing, LLC) – 98 Sheffield Avenue, Longmeadow, MA
    e. CitiMortgage, Inc. – 259 South Street, Agawam, MA

    Class 3 – Other Secured Claims. Class 3 shall consist of all other Secured Mortgage Claims against the Debtors that are not classified in Class 1 or 2, as sub-classified pursuant to Section 4.2(a) of the Plan.

    a. Servis One, Inc. d/b/a BSI Financial Services (holder of the note is ARLP Trust 5) – 10 Town Hall, Truro, MA. The Debtor will pay this claim according to the existing mortgage per the modification agreement executed on June 1, 2009. See Exhibit H attached to the First amended Disclosure Statement for income and expenses associated with this property.
    b. The Bank of New York Mellon as Trustee- 122 Dunn Street, Longmeadow, MA. Payments on this property will not be modified. Payments on this property are being made by the Debtors daughter, Catheryn Allen who is a joint owner and obligor.

    Class 4 - Perfected Lien Creditors - Class 4 shall consist of the judgment claim of Brooke Newman ("Newman") which has been assigned to Nutter McClennen and Fish, LLP ("Nutter"). Newman holds a judgment and an execution against the Debtors. The execution was issued on June 8, 2011 in the amount of $106,593.81 by the Barnstable Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Civil Docket No. BACV2005-00080. Newman also obtained two real estate attachments versus the Debtors which were recorded in both Hampden and Barnstable Counties. The first real estate attachment in the amount of $56,000.00 was recorded on April 15, 2008 in the Hampden County Registry of Deeds and on May 2, 2008 in the Barnstable County Registry of Deeds and the second attachment in the

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 11

amount of $23,917.07 was recorded on April 21, 2011 in the Hampden County Registry of Deeds and April 19, 2011 in the Barnstable County Registry of Deeds.

Class 5 – Under-secured Claims. Class 5 shall consist of the under-secured portion of claims in Class Two and Class 4.

Class 6 - All Allowed General Unsecured Claims against the Debtors.

## ARTICLE IV

## TREATMENT OF CLAIMS AND EQUITY INTERESTS

**4.1    Secured Claims.**

(a)    <u>Class 1 and Class 3</u>. The claim in Class 1 and Class 3 will not be impaired and the Class 1 and Class 3 claimants will be paid their regular monthly payment per the terms of their respective loan agreements.

(b)    <u>Separate Classification</u>. Each Allowed Impaired Claim in this Class shall constitute a separate Class numbered 4.1.1, 4.1.2, 4.1.3 and so on, assigned in alphabetic order. For purposes of the confirmation of the Plan, each separate Class which is impaired shall be entitled to vote separately and shall be counted separately.

(c)    <u>Impairment and Voting</u>. The Claims in Class 2 and Class 4 are impaired under the Plan. Each holder of a Class 2 and Class 4 shall be entitled to vote to accept or reject the Plan.

(d)    <u>Distributions</u>. The Debtors will pay the Class 2 and Class 4 creditors as follows:

    4.1.1    PHH Mortgage Corporation – 21 Island Way, Southwick, MA. The Debtors will pay PHH the balance owed on the mortgage. The balance owed as of June 1, 2016 is estimated at $124,000.50 and will be repaid at a fixed rate of interest of 4.5%, with monthly payments of principal and interest of $870.79 on a 17 year amortization schedule. Annexed as Exhibit A to the Disclosure Statement is a loan amortization table which assumes payments will begin in June of 2016.

    4.1.2    Owen Loan Servicing, LLC – 5 Yacht Club, Truro, MA. The Debtors will pay the amount of $400,000.00 as a secured claim due to IndyMac. The amount of $400,000.00 will be repaid at a fixed rate of interest oft 4.5%, with

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document      Page 12 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 12

    monthly payments of principal and interest of $2,026.74 on a 30 year amortization schedule. Annexed as Exhibit B to the Disclosure Statement is a loan amortization table which assumes payments will begin in June of 2016.

4.1.3  Ditech Financial LLCC ("Ditech") – 146 Pleasantview Avenue, Longmeadow, MA. The Debtors will pay BAC the amount of $225,000.00 as a secured claim. The amount of $225,000.00 will be repaid at a fixed rate of interest of 4.50%, with monthly payments of principal and interest of $1,140.04 on a 30 year amortization schedule. Annexed as Exhibit C to the Disclosure Statement is a loan amortization table which assumes payments will begin in June of 2016.

4.1.4  Deutsch Bank National Trust Company c/o Ocwen Loan Servicing, LLC – 98 Sheffield Avenue, Longmeadow, MA. The Debtors will pay Deutsch the balance owed under the existing mortgage at an interest rate of 4.75% over the balance of the mortgage term plus one additional month. The mortgage will now be scheduled to mature on June 1, 2035. The amount of $168,100 will be repaid at a fixed rate of interest of 4.75%, with monthly payments of principal and interest of $1,121.00 on 19.1 year amortization schedule. Annexed as Exhibit D to the Disclosure Statement is a loan amortization table which assumes payments will begin in June of 2016.

4.1.5  CitiMortgage, Inc. – 259 South Street, Agawam, MA. The Debtors will pay CitiMortgage the balance owed on the mortgage. The balance owed estimated at $70,000.00 will be repaid at a fixed rate of interest of 5.00%, with monthly payments of principal and interest of $540.00 on 15.6 year amortization schedule. Annexed as Exhibit E to the Disclosure Statement is a loan amortization table which assumes payments to begin in June of 2016.

4.1.6  Newman (now transferred to Nutter) – Nutter shall be paid based on a principle balance of $65,000.00 to be secured by a lien on Debtors properties located in Hampden and Barnstable Counties. The debt will be paid at a fixed rate of interest of 4.0%, with monthly payments of $658.09 on a 10 year amortization schedule. Upon payment of the secured portion of the claim Newman and/or Nutter will mark the execution satisfied in full and return same to the Barnstable Superior Court. The balance of Newman's claim will be treated as unsecured claim. Annexed as Exhibit F

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 13

to the Disclosure Statement is a loan amortization table which assumes payments will begin in June of 2016.

(e)     <u>Presumptive Treatment</u>.  Absent (1) a written agreement between the Debtors and the holder of an Allowed Secured Mortgage Claim or Newman providing for different treatment, (ii) the entry of an order directing different treatment, or (iii) an election by the Debtors, filed with the Bankruptcy Court prior to the Confirmation Hearing, designating different treatment, each Allowed Secured Mortgage Claim and Brooke Newman will receive the treatment set forth in Section 4.1(d) of the Plan.

(f)     <u>Discharge of Liens</u>.  Each holder of an Allowed Secured Mortgage Claim herein shall retain its existing Liens on the Debtors' respective Real Property until the payment in full of such Allowed Secured Mortgage Claim.  Upon the payment in full of each Allowed Secured Mortgage Claim:  (1) all credit agreements, notes, mortgages, security agreements, invoices, contracts, agreements and any other documents or instruments evidencing the Allowed Secured Mortgage Claim, together with any and all Liens securing the same, shall be canceled, discharged and released without further act or action by the holder of the Allowed Secured Mortgage Claim under any applicable agreement, law, regulation, order or rule; (ii) the obligations of the Debtors thereunder shall be deemed cancelled, discharged and released; and (iii) all of the right, title and interest of the holder of the Allowed Secured Mortgage Claim under any mortgages, deeds of trust, liens or other security interests, including any rights to any collateral thereunder, will revert to the Reorganized Debtors;

**4.2     Under-Secured Claims.**

(a)     <u>Impairment and Voting</u>.  Class 5 is impaired under the Plan.  Each holder of a Class 5 Claim shall be entitled to vote to accept or reject the Plan.

(b)     <u>Distributions</u>.  In full satisfaction, settlement, release and discharge of all Allowed Class 5 Claims, each holder of an Allowed Class 5 Claim shall receive:  (i) a dividend of 20% to be paid in 5 equal installments of 4% with the first distribution payable on the effective date and additional distributions being paid on the anniversary date of the effective date for the next 4 years.    The estimated claims of the Class 2 and 4 creditors is approximately $448,489.78, 20% of which is $89,697.96.  Therefore $17,939.59 will be required to be paid on a yearly basis over the life of the plan. to Class 5 creditors, with the first such payment to be made on the effective date.

**4.3     General Unsecured Claims.**

(a)     <u>Impairment and Voting</u>.  Class 6 is impaired under the Plan.  Each holder of a Class 6 Claim shall be entitled to vote to accept or reject the Plan.

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 14 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 14

(b) <u>Distributions</u>. In full complete satisfaction, settlement, release and discharge of all Allowed Class 6 Claims, each holder of an Allowed Class 6 Claim shall receive: (i) a Twenty (20%) dividend, four (4%) of which shall be paid on the Effective Date of Confirmation and the remaining Sixteen (16%) will be paid on in equal installments on the anniversary date of the effective date over the next 4 years. General unsecured claims which were filed by the bar date of March 8, 2013 (docket no. 149) totaled $61,641.10 (not including the claim no. 17 filed by Sallie Mae and referenced below in subsection 4.3(c)), 20% of which is $12,328.22 Therefore $2,465.64 will be required to be paid on a yearly basis over the life of the plan to Class 6 creditors.

(c) <u>Claim of Sallie Mae.</u> The Debtors on Schedule F listed the claim of Sallie Mae in the amount of $66,300.00. Sallie Mae filed a proof of claim in the amount of $78,823.31. The Debtor Barbara Cordi-Allen is a listed as a co debtor on the student loans with her adult daughter Christie Allen who is paying the loans. The Debtors therefore do not intend to pay a dividend to Sallie Mae. The Debtors acknowledge the claim is not dischargeable.

**4.4 Equity Interests.**

(a) <u>Distributions</u>. The Debtors shall retain their equity interests in their Assets.

**4.5 Reservations of Rights.**

The Trustee reserves the right to, among other things, (a) contest the right of the holder of any Claim to vote on the Plan, or designate the vote of the holder of any Claim; (b) contest the right of the holder of any Claim to receive distributions under the Plan; and (c) seek to subordinate any Claim for inequitable conduct or otherwise.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

**5.1 Plan Funding.**

(a) The Plan shall be funded through the Plan Fund, the cash flow from the Debtors' Investment Properties, Debtors' monthly income consisting of wages and pension income ("Disposable Income") and at the Reorganized Debtors' sole discretion, the sale and/or refinancing of the Reorganized Debtors' Investment Properties or liquidation of exempt retirement funds.

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 15 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 15

### 5.2 Sale of Real Property.

(a) At any time prior to the fourth anniversary of the Effective Date, the Debtors may, in their sole discretion, sell some or all of the Investment Properties free and clear of liens, claims and interests in accordance with Section 5.7 of the Plan except for the property identified as 146 Pleasantview Avenue, Longmeadow, MA which the Debtors have agreed they will not sell for a period of 5 years after the effective date. The Net Proceeds of any sale of an Investment Property shall be paid: (1) first, to the holders of Allowed Claims secured by Liens on such property, in the order of priority of such Liens, until those claims are paid in full, (ii) second, pro rata to the holder of any Allowed Administrative Expense Claims until those claims are paid in full, and (iii) toward the expenses of operating the remaining Investment Properties; provided that, the Equity Value of such property shall be paid to the Plan Fund before the payment of the expenses of operating the remaining Investment Properties.

### 5.3 Execution of Necessary Documents.

(a) Confirmation of the Plan shall constitute authorization by the Bankruptcy Court in all respects for the Reorganized Debtors to enter into all documents, instruments and agreements reasonably necessary to effectuate the terms of the Plan. The form and/or content of the documents, instruments and agreements reasonably necessary to effectuate the terms of the Plan shall be subject to the approval of the Reorganized Debtors, in their sole discretion.

(b) All matters provided for herein, involving any e action required by the Debtors or the Reorganized Debtors in connection with the Plan, shall be deemed to have occurred, and shall be in effect, without any requirement of further action by the Reorganized Debtors, their agents or representatives.

### 5.4 Setoff.

All of the Debtors' rights of setoff shall be preserved.

### 5.5 Revesting of Property.

Except as otherwise provided in the Plan, the Reorganized Debtors, as of the Effective Date, shall be vested with all of the Assets of the Debtors' bankruptcy estate.

### 5.6 Preservation of Causes of Action.

Except as provided in, and unless expressly waived, relinquished, exculpated, released, compromised or settled in the Plan, the Confirmation Order, any Non-Appealable Order, or in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan, the Reorganized Debtors will exclusively retain and may enforce, and the Debtors expressly reserve and preserve for these purposes, in accordance with sections

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 16 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 16

1123(a)(5)(A) of the Bankruptcy Code, any Claims, demands, rights and Causes of Action that the Debtors or their Estate may hold against any person or entity. No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to them by virtue of or in connection with the confirmation, consummation of effectiveness of the Plan.

### 5.7 Transfers of Real Property.

Any sales or transfers of Real Property contemplated in the Plan shall be, except as otherwise provided in the Plan, free and clear of liens, claims and interests. Entry of the Confirmation Order shall constitute authority for the Debtors and/or the Reorganized Debtors to sell or transfer Real Property pursuant to the Plan without further order of this Court. All third parties, including governmental units, registries of deeds and other similar recording authorities, are directed to accept the Confirmation Order as evidence of the cancellation, modification, discharge and release of any liens, claims and interests in the Real Property in question.

## ARTICLE VI

## DISTRIBUTIONS TO CLAIMS AND RESOLUTION OF DISPUTED CLAIMS

### 6.1 Method of Distributions Under the Plan.

(a) _In General_. Subject to Bankruptcy Rule 9010, and except as otherwise provided in the Plan, all distributions under the Plan to be made by, or on behalf of, the Reorganized Debtors to the holder of each Allowed Claim shall be mailed by first class mail, postage prepaid, to the address of such holder as known by the Debtors as listed on the Schedules as of the Effective Date unless the Reorganized Debtors have been notified in writing of a change of address, including, without limitation, by the filing of a proof of claim or notice of transfer of claim filed by such holder that provides an address for such holder different from the address reflected on the Schedules. The Reorganized Debtors shall diligently attempt to locate such holders whose distributions or notices are properly mailed but nevertheless returned.

(b) _Form of Distributions_. Except as otherwise provided in the Plan, any payment made by, or on behalf of, the Reorganized Debtors pursuant to the Plan shall be made by check.

(c) _Distributions to be on Business Days_. Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

(d) _Fractional Dollars_. Whenever any payment of a fraction of a dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (rounding down in the case of $0.50 or less, and rounding up in the case of more than $0.50).

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
Document    Page 17 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 17

(e)     <u>Distributions to Holders as of the Distribution Record Date</u>.  As of the close of business on the Distribution Record Date, the claims register shall be closed.  The Reorganized Debtors shall have no obligation to recognize any transfer of any Claims occurring after the close of business on the Distribution Record Date, and shall instead be entitled to recognize and deal for all purposes under the Plan with only those holders of record as of the close of business on the Distribution Record Date.

**6.2     Objections to Disputed Claims.**

Prior to the Effective Date, any objections to Claims against the Debtors shall be prosecuted by the Trustee.

**6.3     Deadline for Objecting to Disputed Claims**

Except as otherwise provided by order of the Bankruptcy Court, the Trustee, or the Reorganized Debtors as the case may be, may file an objection to a Claim against the Debtors until the later of:  (a) the date that such Claim becomes due and payable in accordance with its terms, or (b) 180 days after the Effective Date.

**6.4     Estimation of Claims.**

The Trustee or the Reorganized Debtors may, at any time, request that the Bankruptcy Court estimate any Disputed Claim pursuant to Section 502(c) of the Bankruptcy Code regardless of whether the Debtors or the Reorganized Debtors have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection.  The Bankruptcy Court shall have jurisdiction to estimate a Disputed Claim at any time, including, without limitation, during litigation concerning such Claim or an objection to such Claim.  In the event the Bankruptcy Court estimates any Disputed Claim, the estimated amount shall constitute either the Allowed amount of such Claim or maximum limitation on such Claim, as determined by the Bankruptcy Court.  If the Bankruptcy Court determines the maximum limitation of a Disputed Claim, such determination shall not preclude the Debtors from pursuing any supplemental proceedings to object to any payment of such Claim.  All of the aforementioned Claims objections, estimation and resolution procedures are cumulative and not exclusive remedies.  Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

Case 11-31287    Doc 222    Filed 03/16/16    Entered 03/16/16 17:55:02    Desc Main
                        Document      Page 18 of 18

First Amended Plan of Reorganization
John and Barbara Allen
Case No. 11-31287-HJB
Page 18

# ARTICLE VII
# MISCELLANEOUS PROVISIONS

### 7.1    Changes to the Plan

This Plan may be altered, amended or modified only by the Trustee before, on, or after the Confirmation date as provided in Section 1127.

### 7.2    Withdrawal of the Plan prior to Confirmation

The Trustee reserves the right to revoke and withdraw the Plan prior to Confirmation Date. If the Trustee revokes or withdraws the Plan, then the Plan shall be deemed null and void and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtors or any person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors.

    Gary M. Weiner, Chapter 11 Trustee for
    the Bankruptcy Estate of John E. Allen
    and Barbara M. Cordi-Allen

    /s/ Gary M. Weiner
    Gary M. Weiner, Esq. BBO# 548341
    WEINER LAW FIRM, P.C.
    1441 Main Street, Suite 610
    Springfield, MA 01103
    Tel. (413) 732-6840
    Fax. (413)785-5666
    Email: GWeiner@Weinerlegal.com
    Date: March 16, 2016